UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
MICHAEL GOMES                      )
                                   )
     Plaintiff,                    )
                                   )   CIVIL ACTION NO.
v.                                 )   07-11008-DPW
                                   )
STEVE O'BRIEN,                     )
                                   )
     Defendant.                    )
```

MEMORANDUM AND ORDER
March 31, 2010

The petitioner in this state habeas corpus proceeding seeks a certificate of appealability with respect to the substantive issue whether petitioner's

> federal due process rights were violated when the [state] trial court judge refused to instruct the jury that Gomes' honest and reasonable belief as to the victim's consent would negate the mens rea necessary to find him guilty of rape or indecent assault and battery.

He further requests that the certificate "specifically include the subsidiary issues of habeas corpus law and practice that formed the framework for and likely determined the Court's decision."

I can find no basis for concluding that any jurists of reason would see some potential for a different outcome or even any basis for encouraging review with respect to the substantive issue whether the state jury charge regarding a state offense - as to which the state courts have the final word - should proceed

-1-

further.  There is simply no basis in federal law as enunciated by the Supreme Court or, indeed any federal court, for treating this state jury charge as raising a substantial federal constitutional issue.  By definition, no substantial showing of the denial of a federal constitutional right has been shown.

More problematic is the procedural dimension to the analysis I employed to reject the petitioner's substantive claim.  I recognize that the teachings of *Teague v, Lane*, 489 U.S. 288 (1989), which marked the procedural path I took to my substantive conclusion, are unsettled.  And perhaps this procedural issue would be resolved differently by reasonable jurists.  In a case in which the procedural question could be outcome determinative for a substantive constitutional right, the question might justify encouraging further review.  But irrespective of the procedural path chosen to reach the substantive conclusion here, the ultimate destination remains unchanged.  Any conceivable procedural road leads to the same substantive conclusion: that no substantial question of federal constitutional law has been raised.

I do not read the provisions for a certificate of appealability to direct issuance merely because an interesting, but non-outcome determinative, subsidiary question of procedure has been addressed in the District Court.  It is only the ultimate substantive judgment that can justify further investment of federal judicial resources through appeal.  Finding no

substantial showing of the denial of a federal constitutional right, I decline to issue a certificate of appealability.

                                    */s/ Douglas P. Woodlock*
                                    DOUGLAS P. WOODLOCK
                                    UNITED STATES DISTRICT JUDGE